UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SALINAS,<br><br>            Plaintiff,<br><br>     v.<br><br>GENERAL REINSURANCE CORP., et al.,<br><br>            Defendants. | Case No.: C 08-4588 PVT<br><br>**ORDER STAYING CASE** |

On February 24, 2009, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on the Defendants respective motions to dismiss and the Case Management Conference.[1] After the hearing, the court solicited supplemental briefing from the parties. From the supplemental briefs filed by the parties, it appears that all parties are also currently parties to proceedings before the Workers' Compensation Appeals Board ("WCAB") that involves a dispute over the date of Plaintiff's employee's injury and apportionment between any continuous injury and specific injury. The court solicited briefing regarding whether this case should be stayed pending the outcome of the WCAB proceedings. Based on the briefs and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that this case is STAYED pending whichever of the following

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

occurs first: 1) the outcome of the WCAB proceedings; 2) Plaintiff's dismissal of its petition before the WCAB; or 3) Plaintiff's dismissal of its claims against Defendants Employers Reinsurance Corporation ("Employers") and General Reinsurance Corporation ("General") in this action.

Plaintiff argues that the result of the WCAB proceedings will not affect Defendant National Union's obligation to reimburse Plaintiff the total amount due to Plaintiff, but instead will only determine whether Defendant National Union can seek contribution from one or both of the other Defendants. Plaintiff further notes that the WCAB does not have authority to compel *any* of the Defendants to pay Plaintiff. However, it was Plaintiff that chose to file the petition with the WCAB and to sue all three insurers in this action. It would be inequitable to require Defendants Employers and General to defend against the same claims in two tribunals at the same time. Thus, the court finds it appropriate to stay this action as set forth above.

IT IS FURTHER ORDERED that the parties shall file a joint status report every 90 days, beginning on November 2, 2009.

IT IS FURTHER ORDERED that Plaintiff shall promptly notify this court in writing if and when any of the aforementioned events renders it appropriate to lift the stay in this action.

Dated: *8/3/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge